IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT A. BRIGGS and
JANN C. BRIGGS,

    Plaintiff,

v.                                        Case No.  05-2125-JWL

EMPORIA STATE BANK AND
TRUST COMPANY,

    Defendant.

**MEMORANDUM AND ORDER**

This lawsuit arises from the defendant Emporia State Bank and Trust Company allegedly allowing one of its employees, Linda Briggs, unauthorized access to the personal financial statements and banking records of plaintiffs Scott A. and Jann C. Briggs while Linda Briggs was going through a divorce from Scott Briggs' brother. Plaintiffs assert claims against the bank based on various federal statutes and regulations and state common law theories. This matter is currently before the court on Defendant's Motion to Dismiss Plaintiffs' Complaint (doc. 5) for failure to state a claim upon which relief can be granted. For the reasons explained below, the court will grant the motion in its entirety. Specifically, the court will grant the motion with prejudice with respect to all of plaintiffs' federal claims except to the extent that they attempt to assert a claim under the Consumer Credit Protection Act or Fair Credit Reporting Act. With respect to that federal law claim and all of plaintiffs' state common law

claims, the court will grant the motion without prejudice to plaintiffs filing an amended complaint reasserting those claims on or before **September 2, 2005**.

## FACTS

According to the allegations in plaintiffs' complaint, Scott and Jann Briggs had an individual banking account with the bank. Scott Briggs also had business accounts with the bank.

Linda Briggs is an employee of the bank. She was formerly married to Scott Briggs' brother, John Briggs. Linda and John Briggs separated in March of 2001 and began "a very acrimonious and volatile divorce proceeding." Compl. (doc. 1), ¶ 6, at 2. Linda Briggs filed a separate maintenance action against John Briggs on October 24, 2003. In the divorce proceedings, the court issued a records authorization directing the bank to produce banking records relating to John Briggs. Ostensibly pursuant to this authorization, the bank allowed Linda Briggs to access personal financial statements and banking records not only of her ex-husband John Briggs, but also of Scott and Jann Briggs. Linda Briggs provided this confidential information to her divorce attorney.

Plaintiffs contend that because of Linda Briggs' unauthorized use of their confidential information, they were forced to intervene in John and Linda Briggs' divorce proceedings in order to ensure that the bank did not further unlawfully disclose their personal and confidential information to Linda Briggs. On July 27, 2004, Linda Briggs filed a lawsuit against plaintiffs, alleging fraud.

Plaintiffs have filed this lawsuit against the bank for allegedly allowing Linda Briggs unauthorized access to their personal financial statements and banking records despite knowing that Linda Briggs was not authorized to access their personal and confidential information. Plaintiffs assert four claims against the bank. Count I is entitled "Statutory Violations." In this count, plaintiffs allege that the bank violated (a) the Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. § 6801(a); (b) the "Consumer Credit Protection Act, 15 U.S.C. § 1681 et seq."; (c) the "Bank Holding Company Act, 15 U.S.C. § 6809 et seq."[1]; and (d) "FTC Regulations, 16 C.F.R. § 313.1, et seq." Counts II through IV assert state common law breach of contract, breach of warranty, fraud, negligent misrepresentation, and breach of fiduciary duty claims.

The bank now asks the court to dismiss all of plaintiffs' claims on the grounds that (1) the federal statutes cited either do not apply to the facts of this case or do not allow for a private cause of action, and (2) the court should decline to exercise jurisdiction over the remaining state law claims.

## MOTION TO DISMISS STANDARD

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would

---

[1] What plaintiffs are intending by virtue of this aspect of Count I is unclear. Title 15 U.S.C. § 6809 is the definition section of the GLBA whereas the Bank Holding Company Act appears elsewhere in the United States Code. In any event, plaintiffs have withdrawn this claim in response to the bank's motion to dismiss. Consequently, this discrepancy is immaterial to the court's resolution of the bank's motion to dismiss.

entitle him to relief," *Poole v. County of Otero*, 271 F.3d 955, 957 (10th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted).

## DISCUSSION

For the reasons explained below, the court finds that plaintiffs' complaint fails to state a claim with respect to the alleged federal statutory and regulatory violations. Specifically, the GLBA does not provide a private right of action, plaintiffs do not clarify which provision of the Consumer Credit Protection Act or Fair Credit Reporting Act they are claiming the bank violated so that the court can analyze that claim, plaintiffs have withdrawn their claim under the Bank Holding Company Act, and no private right of action exists based on the cited FTC regulations because they were promulgated pursuant to the GLBA. The court will decline to exercise supplemental jurisdiction over plaintiffs' state law claims because plaintiffs' complaint does not invoke this court's diversity or supplemental jurisdiction and also because the court is dismissing plaintiffs' federal law claims and therefore would decline to exercise supplemental jurisdiction in any event. The court will, however, grant plaintiffs leave to amend

4

their complaint and reassert their Consumer Credit Protection Act or Fair Credit Reporting Act and state law claims.

### A.     Gramm-Leach-Bliley Act Claim

The GLBA provides, in pertinent part, that "[i]t is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."  15 U.S.C. § 6801(a).  The GLBA does not expressly provide for a private right of action to enforce financial institutions' privacy obligations.  Consequently, if a private right of action exists, it must be implied.  In determining whether such an implied private right of action exists, plaintiffs urge the court to follow the four-factor approach outlined by the Supreme Court in *Cort v. Ash*, 422 U.S. 66 (1975).  But "[t]he test for determining whether a statute creates a private right of action has evolved substantially over the last thirty years."  *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1266 (10th Cir. 2004).  "Now, *Cort's* four factors have been effectively condensed into one – whether Congress expressly or by implication, intended to create a private cause of action."  *Id.* (internal quotation omitted).

Only Congress can create private rights of action to enforce federal law.  *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001).  Thus, whether a private right of action exists depends upon whether the statute demonstrates that Congress intended to create one.  *Id.*  For an implied private right of action to exist, a statute must manifest Congress's intent to create (1) a personal right, and (2) a private remedy.  *Id*.  "Statutory intent on this latter point is

5

determinative." *Id.* The court begins its search for Congress's intent with the text and structure of the statute, and can end its inquiry there if further clarification is unnecessary. *Id.* at 288.

Here, the GLBA reveals no congressional intent to imply a private right of action. The provision of the GLBA entitled "Enforcement" specifically states that federal and state regulators are responsible for enforcing the GLBA. *See* 15 U.S.C. § 6805(a) ("This subchapter and the regulations prescribed thereunder shall be enforced by the Federal functional regulators, the State insurance authorities, and the Federal Trade Commission with respect to the financial institutions and other persons subject to their jurisdiction . . . ."). The fact that Congress expressly provided for one method of enforcing the GLBA suggests that Congress intended to preclude others. *Sandoval*, 532 U.S. at 290. The court has reviewed the statutory text and structure of the GLBA and cannot envision any colorable argument that Congress intended to create a private remedy under this statute. In fact, it appears that Congress intended for this regulatory scheme to be the exclusive method for enforcing the statute and plaintiffs have not directed the court's attention to any statutory language or structure to the contrary. Instead, plaintiffs argue that providing a private right of action would further the underlying purposes of the GLBA. While this argument might have some intuitive appeal, absent anything in the statute revealing that Congress intended to create a private remedy "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 286-87. Thus, the court concludes that an implied private right of action does not exist to enforce the GLBA's privacy provision. *See,*

6

*e.g.*, *Menton v. Experian Corp.*, Case No. 02 Civ. 4687, 2003 WL 21692820, at *3 (S.D.N.Y. July 21, 2003) (denying motion to amend to assert claim under the GLBA on the grounds that the proposed amendment would be futile because the GLBA does not provide for a private right of action). Accordingly, the bank's motion to dismiss is granted with respect to plaintiffs' claim under the GLBA.

**B.** **"Consumer Credit Protection Act" Claim**

In support of their "Consumer Credit Protection Act" claim, plaintiffs cite "15 U.S.C. § 1681 et seq." The statutory citation, however, is a reference to the Fair Credit Reporting Act (FCRA) which is found at 15 U.S.C. §§ 1681-1681x. The bank argues that plaintiffs do not explain how they believe the bank violated its duties under the FCRA in its capacity as a consumer reporting agency. In response to this argument, plaintiffs argue that they pleaded this claim in such a manner as to put the bank on notice of the claim being made against it. The court disagrees. Plaintiffs' claim is pleaded so generically that the court has no idea how to begin analyzing its merits. Because the claim does not provide the court with a sufficient explanation of its basis, the court readily concludes that it likewise fails to give the bank sufficient notice of the nature of the claim against it. Thus, the court will grant the bank's motion to dismiss this claim. In light of the fact that the court cannot determine the basis for this claim, however, the court does not rule out the possibility that plaintiffs may be able to amend their complaint to state a claim in this regard. Accordingly, the court will dismiss this claim without prejudice. *See, e.g.*, *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) ("Ideally, if it is at all possible that the party against whom the dismissal is directed

7

can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (quotation and citations omitted)).

C.     **Bank Holding Company Act Claim**

In response to the arguments contained in the bank's motion to dismiss, plaintiffs state that they are withdrawing their claim under the Bank Holding Company Act. Accordingly, this aspect of the bank's motion is granted as unopposed.

D.     **Claim Under FTC Regulations**

Given the regulatory sections cited in plaintiffs' complaint, the court construes this aspect of Count I to be asserting a claim under 16 C.F.R. §§ 313.1-313.18. The cited authority for the Federal Trade Commission's promulgation of Part 313 is 15 U.S.C. § 6801 *et seq.* or, in other words, the GLBA. In fact, plaintiffs' arguments in response to the bank's motion reveal that plaintiffs view the cited regulations as an extension or corollary of their GLBA claim.

"[R]egulations may not create a private cause of action where no such right was intended by Congress in the statute authorizing promulgation of such regulations." *Chaffin v. Kansas State Fair Bd.*, 348 F.3d 850, 857 (10th Cir. 2003). This is because a regulation cannot conjure up a private right of action that has not been authorized by Congress. *Sandoval*, 532 U.S. at 291 (reasoning that "[a]gencies may play the sorcerer's apprentice but not the sorcerer himself"). As explained previously, the GLBA does not provide a private right of action to enforce its privacy provision. Consequently, regulations promulgated under it likewise cannot provide such a right of action. *See, e.g.*, *Sandoval*, 532 U.S. at 291 (where Title VI of the Civil

8

Rights Act of 1964 does not imply a private right of action under the statute for disparate impact violations, disparate-impact regulations likewise could not create any such right of action). Accordingly, the bank's motion to dismiss is granted with respect to plaintiffs' claim under the cited FTC regulations.

E.     **Plaintiffs' State Law Claims**

Plaintiffs' complaint does not claim to invoke this court's diversity jurisdiction or this court's supplemental jurisdiction over plaintiffs' state law claims. For this reason alone, plaintiffs' state law claims are dismissed. In any event, given the court's dismissal of plaintiffs' federal claims, the court would decline to exercise supplemental jurisdiction over plaintiff's pendent state claims at this time. *See* 28 U.S.C. § 1367(c)(3) (providing that the district court may decline to exercise supplemental jurisdiction over a plaintiff's pendent state claims where the court has dismissed all claims over which it had original jurisdiction); *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). The court will, however, grant this aspect of the bank's motion without prejudice to plaintiffs reasserting these various state law claims if plaintiffs elect to reassert their federal Consumer Credit Protection Act or Fair Credit Reporting Act claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss Plaintiffs' Complaint (doc. 5) is granted. It is granted in part with prejudice and granted in part without prejudice to plaintiffs filing an amended complaint on or before

**September 2, 2005**.  If plaintiffs do not file such an amended complaint by that date, the FCRA claim will be subject to dismissal with prejudice upon request by the defendant.

    **IT IS SO ORDERED** this 23rd day of August, 2005.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge